UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,
  v.
EFRAIN BARRAGAN,
    Defendant.

Case No. 19-cr-00704-EJD-1 (VKD)

**DETENTION ORDER**

The United States moved for detention of defendant Efrain Barragan. The Court held a hearing on the government's motion on December 20, 2019. Dkt. No. 5. Mr. Barragan was present at the hearing and represented by counsel. For the reasons stated on the record during the hearing and as set forth below, the Court finds that there are no conditions, or combination of conditions, of release that would reasonably assure the safety of other persons and the community and Mr. Barragan's appearance for court proceedings. The Court therefore orders Mr. Barragan detained pending trial. This order may be appealed to the presiding judge, the Honorable Edward Davila.

**I.    BACKGROUND**

As set forth in the indictment, the government charges Mr. Barragan in count one with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C), and in count two with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 2. Mr. Barragan is presumed innocent of these charges. *See* 18 U.S.C. § 3142(j).

Pretrial Services prepared a report, which was shared with the Court and counsel for the parties. The Court adopts the facts set forth in the Pretrial Services report, as indicated below.

Both parties presented arguments and evidence by proffer through counsel at the hearing, which was conducted in public.

## II. LEGAL STANDARDS

On a motion for pretrial detention, the government bears the burden to show by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of other persons or the community. 18 U.S.C. § 3142(f)(2). Conversely, the government bears the burden to show by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

In evaluating whether pretrial release is appropriate, the Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

## III. DISCUSSION

### A. Rebuttable Presumption

Given the charges in the indictment, there is a rebuttable presumption of detention based on danger and risk of flight. 18 U.S.C. § 3142(e)(3)(A).

### B. Nature and Circumstances of the Offense

The government initially charged Mr. Barragan by complaint, which was filed on December 13, 2019. Dkt. No. 1. According to the complaint, on August 30, 2019, law enforcement apprehended Mr. Barragan with a quantity of methamphetamine and a loaded semi-automatic handgun. Dkt. Nos. 1, 2. According to the complaint and the government's proffer during the hearing, Mr. Barragan refused to comply with the law enforcement officer's orders at the time of his arrest and he attempted to flee in order to avoid being detained. Dkt. No. 1, ¶¶ 9-

10.

If convicted, Mr. Barragan faces a maximum prison term of 20 years for the offense charged in count one and a maximum prison term of 10 years for the offense charged in count two.

### C. Weight of the Evidence

The weight of the evidence is difficult to assess at this stage of the case. The government proffers that Mr. Barragan was found with methamphetamine and a loaded handgun on his person. However, the Court observes that the weight of the evidence is the least important consideration. *Motamedi*, 767 F.2d at 1408.

### D. Personal Characteristics of the Defendant

Mr. Barragan is 39 years old. He has lived in San Jose, California for his entire life, although he has been incarcerated during some of that time. Mr. Barragan completed the 11th grade and later obtained his GED. At the time of his arrest, Mr. Barragan had been unemployed for a few months, but he had previously been employed for extended period of time working in the concrete trade for local companies.

Mr. Barragan has a history of substance abuse. However, he has made efforts to address his substance abuse problems by participating in treatment programs while in and out of custody. He has no history of mental health issues or treatment.

Mr. Barragan has a lengthy criminal history, including one felony federal drug conviction and several misdemeanor convictions involving driving under the influence, exhibiting a deadly weapon, giving false information to a peace officer, and hit and run. His criminal history includes several violations of probation and federal supervised release conditions.

Mr. Barragan's girlfriend is willing to co-sign an unsecured bond, but does not have any significant financial resources with which to assist Mr. Barragan.

### E. Nature and Seriousness of the Danger to Others Posed by Defendant's Release

In addition to the conduct charged in the indictment, the government relies on evidence of Mr. Barragan's criminal history, as described above. While the Court does not give substantial weight to conduct for which Mr. Barragan was arrested but not convicted, Mr. Barragan's criminal history does include conduct that posed a danger to others and the community. In addition, Mr.

Barragan's past failures to comply with conditions of release while on probation and federal supervised release support the government's contention that he is unlikely to comply with conditions that the Court may set to reasonably assure the safety of others and his appearance for court proceedings in this case. The government also emphasizes Mr. Barragan's attempt to flee upon his arrest.

Mr. Barragan argues that he has undertaken meaningful efforts since August 2019 to maintain his sobriety and that he has the ability to also maintain stable employment if released from custody. The Court commends Mr. Barragan's efforts but is not persuaded that these recent improvements are sufficient to overcome the government's proffer that Mr. Barragan continues to pose a danger and a risk of flight.

### F. Consideration of Conditions of Release

The Bail Reform Act of 1984 favors pretrial release, not detention. Accordingly, the Court has carefully considered whether there are any conditions of release that will reasonably assure the safety of others and the community and Mr. Barragan's appearance as required. In particular, the Court has considered whether a combination of location restrictions, monitoring, and substance abuse counseling or treatment, together with the requirement of a significant secured bond, would provide such reasonable assurance. The Court concludes that there are no such conditions or combination of conditions that could be imposed to provide such assurance, because the Court is not confident that Mr. Barragan will comply conditions the Court might set.

For these reasons, the Court finds that, based on the present record, the government has more than carried its burden to show that no condition, or combination of conditions, of release could be imposed that would reasonably assure the safety of other persons or the community and Mr. Barragan's appearance.

## IV. CONCLUSION

Accordingly, defendant Efrain Barragan is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Barragan shall be afforded a reasonable opportunity for private consultation with

4

defense counsel.  On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Barragan to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated:   December 23, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge